UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No.: 5:20-po-00043 JLT |
|---|---|
| Plaintiff, | ) ORDER DENYING SECOND REQUEST FOR PRE-APPOINTMENT OF COUNSEL |
| v. | ) |
| CHRISTY K. GOLDSWORTHY, | ) |
| Defendant. | ) |

Despite the Court denying Ms. Goldsworthy's request for pre-appointment of counsel just two days ago, the Federal Defender doubles down by refiling the request, while continuing to present the same financial affidavit which the Court noted was incomplete, and now makes statements that are not only not supported by evidence but are demonstrably false.

First, as noted in the prior order, the financial affidavit fails to demonstrate when Ms. Goldsworthy last worked and her monthly income while she worked, which makes it incomplete. Second, the Federal Defender asserts, without any attempt at presenting admissible evidence, that Ms. Goldsworthy "inadvertently" failed to appear at the hearing on March 5, 2020. Notably, Ms. Goldsworthy, herself, requested this hearing date after learning that the Court issued warrants for her failure to appear in her other case (5:19-po-00245 JLT). In that earlier case, she was obligated to appear on September 12, 2019 after receiving two citations on May 18, 2019, but she did not do so. (Case No. 5:19-po-00245 JLT, Docs. 1, 3) She contacted the Clerk's office

on November 4, 2019 and requested that the hearing on those citations be set on December 3, 2020, and the Court accommodated that request (Doc. 8). Days before the December hearing, Ms. Goldsworthy again contacted the Clerk's office and asked that the hearing be continued to the March 3, 2020 date and, again, the Court accommodated that request (Doc. 9). Days before the March 3, 2020 hearing, Ms. Goldsworthy contacted the Clerk's office and was specifically told that she must appear on March 3, 2020 and that the matters would not be continued to June. Thus, there is no evidence that her failure to appear on March 3, 2020 was due to "inadvertence," as the Federal Defender claims. Instead, it appears that she never intended on appearing and, as noted two days ago, the Court has little expectation that she will appear at a future hearing.

Finally, once again, the request for pre-appointment of counsel does not demonstrate why pre-appointment is needed. Indeed, despite Ms. Goldsworthy's apparent report to the Federal Defender, there are no hearings set in either of Ms. Goldsworthy's cases. Even still, the request at most, it demonstrates a burden on Ms. Goldsworthy if she must appear in person. This issue can be addressed in many ways including, resolution of the cases by the parties without further hearing or, if a hearing is again set in these matters, by her requesting the Court to allow her to appear by telephone or video. For these reasons, the request for pre-appointment of counsel[1] is **DENIED**.[2]

IT IS SO ORDERED.

    Dated:   **March 12, 2020**                    **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is alarmed by this second request given it contains incomplete and inaccurate information that could have been discovered by review of the documents and the relevant dockets.

[2] The Court is perplexed by the Federal Defender's seeming belief that the denial of an insufficient request is an invitation to file yet another request; it is not.